# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

DIANA L. WYCKOFF,

        Plaintiff,

vs.

THE CHEESECAKE FACTORY,

        Defendant.

Case No.: 2:11-cv-00965-GMN-RJJ

**ORDER**

      Pending before the Court is Plaintiff's Motion to Remand (ECF No. 7). For the reasons that follow, this Motion will be DENIED.

      Plaintiff bases her Motion on the first paragraph of Title 28, § 1446(b) of the United States Code. (*See* Mot. 3:7-12, ECF No. 7.) That paragraph provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b). Contending that this paragraph requires a state court case to be removed within thirty (30) days of the defendant being served with the complaint, Plaintiff points to the date the Complaint was served on Defendant (April 29, 2011); the date the Notice of Removal was filed (June 13, 2011); and the forty-four (44) day gap between those two dates. (*See* Mot. 3:13-20, ECF No. 7.) Because this gap was greater than thirty (30) days, Plaintiff argues that the lawsuit must be remanded.

      However, Plaintiff ignores the second paragraph of 28 U.S.C. § 1446(b), which provides:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

The practical effect of this paragraph, when combined with the first, is that the thirty (30) day clock begins to run after the complaint is served on the defendant only if the complaint "affirmatively reveals on its face the facts necessary for federal court jurisdiction," *Harris v. Bankers Life and Casualty Co.*, 425 F.3d 689, 690 (9th Cir. 2005) (internal quotation marks omitted). On the other hand, if the complaint does not state facts sufficient to establish federal court jurisdiction or if federal jurisdiction is "indeterminate" from the face of the complaint, then the thirty (30) day clock does not begin to run until the defendant receives some other document that sets forth facts sufficient to warrant federal jurisdiction. *See Harris*, 425 F.3d at 695.

Here, the amount in controversy was indeterminate from the face of the Complaint: the Complaint simply requests "past and future general damages to Plaintiff, each in a sum in excess of $10,000.00" and an indeterminate amount of costs, attorneys' fees, and past and future medical expenses. (Compl. 9-19, Ex. 1, ECF No. 1.) It was not until May 31, 2011, when Plaintiff filed her Request for Exemption from Arbitration (Ex. 6, ECF No. 1), that it became clear that the amount in controversy in this lawsuit is in excess of $75,000.00. Specifically, that Request indicated that Plaintiff has already accrued $98,442.73 in medical specials relating to the personal injury alleged in this lawsuit.

As May 31, 2011 was the first date on which Defendant was provided with notice that the amount in controversy is in excess of $75,000.00, Defendant had thirty (30) days from that date in which to remove the case to federal court. June 13, 2011 was well within that thirty

(30) day window.  Defendant's removal of this lawsuit was therefore timely.

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (ECF No. 7) is **DENIED**.

DATED this 14th day of July, 2011.

_____
Gloria M. Navarro
United States District Judge